IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PERZIA BAKARI ARMSTRONG, | § | |
| TDCJ NO. 6992423, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-677 |
| | § | |
| PATIENCE CAIN, ET. AL., | § | |
| *Defendants.* | § | |

---

## DEFENDANTS CAIN, HERRERA AND GLOOR'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Patience Cain, Jolly Herrera, and Debra Gloor, by and through undersigned counsel, file this Answer to Plaintiff Perzia Armstrong's Complaint. ECF No. 1.

### STATEMENT OF THE CASE

Plaintiff Perzia Armstrong, TDCJ #6992423, proceeding *pro se* and *in forma pauperis*, alleges Defendants Patience Cain, Jolly Herrera, and Debra Gloor, violated her rights under the Eighth Amendment pursuant to 42 U.S.C.A. § 1983.[1] ECF No. 1. Generally, Armstrong alleges that Defendants acted deliberately indifferent to her medical needs in violation of the Eighth Amendment in connection with her treatment for gender dysphoria and her desire to obtain gender reassignment surgery while incarcerated. *Id.*

---

[1] Armstrong has also named Dr. Walter Meyer and The University of Texas Medical branch at Galveston as Defendants in this suit. Dr. Meyer is represented by separate counsel (ECF No. _) and UTMB has filed a motion to dismiss rather than answering the complaint. (ECF No. _).

<u>DEFENDANTS CAIN, HERRERA AND GLOOR'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein.

1. Defendants admit that Armstrong has brought this claim for declaratory and injunctive relief under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 but deny Armstrong is entitled to any relief demanded in her complaint. Defendants admit this Court, under some circumstances, has supplemental jurisdiction over state law claims but denies Armstrong has brought a state law claim in this case. Defendants further deny any violation of Armstrong's constitutional rights.

2. Defendants admit venue is proper.

3. Defendants admit Armstrong was and is an incarcerated offender within TDCJ and that she is currently confined at the John Connally Unit in Kenedy, TX.

4. Cain admits she is a nurse practitioner at the John Connally unit but denies Armstrong's characterization of her job duties. Cain admits Armstrong has brought suit against her in her individual and official capacities but denies that Armstrong can maintain such a suit given that Cain is entitled to qualified and Eleventh Amendment immunity. Defendants Herrera and Gloor can neither admit nor deny the allegations contained in ¶4.

5. Herrera admits she is a Nurse Clinician III at the John Connally unit but denies Armstrong's characterization of her job duties. Herrera admits Armstrong has

brought suit against her in her individual and official capacities but denies that Armstrong can maintain such a suit given that Herrera is entitled to qualified and Eleventh Amendment immunity. Defendants Cain and Gloor can neither admit nor deny the allegations contained in ¶5.

6. Gloor admits she is a Senior Practice Manager at the John Conally unit but denies Armstrong's characterization of her job duties. Gloor admits Armstrong has brought suit against her in her individual and official capacities but denies that Armstrong can maintain such a suit given that Gloor is entitled to qualified and Eleventh Amendment immunity. Defendants Cain and Herrera can neither admit nor deny the allegations contained in ¶6.

7. Defendants can neither admit nor deny the allegations made against another defendant in ¶7.

8. Defendants can neither admit nor deny the allegations made against another defendant in ¶8.

9. Defendants admit Armstrong has been diagnosed with Gender Dysphoria on or around July 5, 2016 but do not have the personal knowledge sufficient to admit or deny the remaining allegations in ¶9.

10. Defendants do not have the personal knowledge sufficient to admit or deny the allegations in ¶10.

11. Defendants do not have the personal knowledge sufficient to admit or deny the allegations in ¶11.

12. Defendants do not have the personal knowledge sufficient to admit or deny the allegations in ¶12.

13. Defendants admit Armstrong was prescribed hormone therapy injection at some previous time period but do not have the personal knowledge sufficient to admit or deny the remaining allegations in ¶13.

14. Defendants do not have the personal knowledge sufficient to admit or deny the allegations in ¶14 and are unable to discern who Armstrong is referring to by use of the word "they."

15. Defendants do not have the personal knowledge sufficient to admit or deny the allegations made against another non-party person in ¶15.

16. Defendants do not have the personal knowledge sufficient to admit or deny the allegations made against another non-party person in ¶16.

17. Cain admits that Armstrong attended an appointment with her on January 17, 2018. Cain further admits Armstrong did not receive a hormone shot on January 17, 2018 due solely to the fact that the injection solution was not on the unit at the time. Cain admits she treated Armstrong's symptoms with the appropriate, available medications. Hererra and Gloor do not have the personal knowledge sufficient to admit or deny the allegations made against a different defendant in ¶17.

18. Cain admits Armstrong attended an appointment with her on January 22, 2018. Cain admits that, when Armstrong stated she was in need of her hormone therapy shot, she had Herrera administered Armstrong's hormone injection that same day.

Gloor does not have the personal knowledge sufficient to admit or deny the allegations made against a different defendant in ¶18.

19. Cain denies Armstrong's allegation that she delayed Armstrong's medical treatment for a serious medical need in violation of Armstrong's Eighth Amendment rights. Cain admits that Armstrong received a hormone injection on February 12, 2018 and that lab work was performed to check her hormone level. Cain does not have the personal knowledge sufficient to admit or deny the remaining allegations. ¶19. Hererra and Gloor do not have the personal knowledge sufficient to admit or deny the allegations made in ¶19.

20. Defendants deny Armstrong's allegation that she wrote an I-60 on March 2, 2018 asking to receive a hormone shot. Defendants admit Armstrong had an appointment on March 2, 2018 in which she received her hormone shot as scheduled.

21. Defendants admit that on May 21, 2018 a sick call request or I-60 was received from Armstrong complaining of missed hormone injection. Defendants admit that on May 20, 2018 Herrera noted that Armstrong's injection was not available and a message was sent to order. Defendants are without the personal knowledge to admit or deny whether Armstrong received a hormone injection on May 21, 2018.

22. Defendants admit generally that Armstrong has written grievances regarding some of the matters raised in her complaint but deny that Armstrong has exhausted her administrative remedies against them.

23. Defendants can neither admit nor deny Armstrong's allegations regarding a conversation with a non-party third person. Defendants admit Armstrong submitted

Grievance No. 2018077993 but deny that this grievance constitutes a proper exhaustion of her administrative remedies against them.

24. Defendants admit that Armstrong submitted Grievance No. 2018074869 but Defendants deny that this grievance constitutes a proper exhaustion of Armstrong's administrative remedies against any of them.

25. Defendants admit that Armstrong submitted Grievance No. 2018078977 but Defendants Gloor and Cain deny that this grievance constitutes a proper exhaustion of Armstrong's administrative remedies against them.

26. Defendants admit that Armstrong submitted Grievance No. 2018094517 but Defendants deny that this grievance constitutes a proper exhaustion of Armstrong's administrative remedies against any of them.

27. Defendants incorporate by reference their responses to paragraphs 1-26 above.

28. Cain denies Armstrong's allegations in ¶28. Hererra and Gloor do not have the personal knowledge sufficient to admit or deny the allegations made in ¶28.

29. Cain denies Armstrong's allegations in ¶29. Hererra and Gloor do not have the personal knowledge sufficient to admit or deny the allegations made in ¶29.

30. Hererra denies Armstrong's allegations in ¶30. Cain and Gloor do not have the personal knowledge sufficient to admit or deny the allegations made in ¶30.

31. Defendants do not have the personal knowledge sufficient to admit or deny the allegations made against another defendant in ¶31.

32. Defendants deny ¶32.

33. Defendants deny Armstrong is entitled to injunctive or declaratory relief.

34. (mislabeled ¶33) Defendants deny Armstrong is entitled to declaratory relief.

35. (mislabeled ¶34) Defendants deny Armstrong is entitled to compensatory damages.

36. (mislabeled ¶35) Defendants deny Armstrong is entitled to punitive damages.

37. (mislabeled ¶36) Defendants admit Armstrong is entitled to a trial by jury on these issues.

38. (mislabeled ¶37) Defendants deny Armstrong is entitled to recovery of costs in this suit.

39. (mislabeled ¶38) Defendants deny Armstrong has met the exceptional circumstances necessary to require appointment of counsel. *See, e.g., Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

40. (mislabeled ¶39) Defendants deny Armstrong is entitled to any relief in this case.

## AFFIRMATIVE AND GENERAL DEFENSES

41. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983 but deny that such circumstances are present in this case.

42. Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

43. Defendants assert that any claim premised upon a disagreement with medical treatment will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

44. Defendants assert that Armstrong must demonstrate the personal involvement of each Defendant to support a claim of constitutional dimension under 42 U.S.C. § 1983.

45. Defendant Gloor asserts that an offender "does not have a federally protected liberty interest in having [her] grievances resolved to her satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

46. Defendants assert that any claim premised upon the doctrine of respondeat superior will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

47. Defendants assert that Plaintiff has failed to state a claim that amounts to a violation of Plaintiff's Eighth Amendment rights.

48. Defendants assert that Plaintiff has failed to state a claim that amounts to a violation of Plaintiff's Fourteenth Amendment rights.

49. Defendants assert their entitlement to qualified immunity for this 42 U.S.C. § 1983 cause of action and any other federal claim asserted against them in their individual capacities.

50. Defendants assert their entitlement to Eleventh Amendment immunity for this 42 U.S.C. § 1983 cause of action and any other federal claim asserted against them in their official capacities.

51. Defendants assert that Plaintiff has brought her suit without first exhausting her administrative remedies.  *See* 42 U.S.C. § 1997e(a).

## JURY DEMAND

52. Defendants hereby demand a trial by jury.

<u>CONCLUSION</u>

Defendants pray that Plaintiff take nothing and that they be awarded their costs, and have such other and further relief, general and specific, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

SHANNA MOLINARE
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Courtney Corbello
COURTNEY CORBELLO
Attorney in Charge
Assistant Attorney General
Texas State Bar No. 24097533

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 457-4654

ATTORNEYS FOR DEFENDANTS CAIN, HERRERA AND GLOOR

## NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true copy of the foregoing in accordance with the Electronic Case Files System of the Western District of Texas, on September 17, 2018.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that a true copy of the foregoing has been served by placing same in the United States Mail, postage prepaid, on September 17, 2018, addressed to:

Perzia Bakari Armstrong
TDCJ No. 717565
3001 South Emily Drive
Beeville, TX 78102
Plaintiff Pro Se

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General